Dear Mr. Little:
You have requested an opinion of the Attorney General regarding the procedures to be followed in the assessment and collection of taxes on property located within a newly-created fire protection district. On December 15, 1997, the Winn Parish Police Jury (Police Jury) voted to create Fire District No. 3 (District). At the request of the Mayor of the City of Winnfield (City), the City was excluded from the boundaries of the District. On May 28, 1998, the City annexed a parcel of property contained within the District into the City limits. On July 18, 1998, residents of the District voted to approve the authorization of the incurring of debt, the issuance of bonds and the levy of two special ad valorem taxes for the purposes of paying off the bonds and for maintenance and operation of the District.
You specifically ask whether the property annexed by the City, but located within the District, is subject to the assessment and collection of the ad valorem taxes referred to hereinabove.
Initially, it should be noted, that under R.S. 18:1281 and 1282, fire protection districts constitute political subdivisions for the purposes of elections to authorize the issuance of bonds, the assumption of indebtedness and the imposition of and/or increase in taxes. Consequently, properties which were included within the District on the date of its creation remain within said District despite the subsequent municipal annexation of a portion thereof. See Attorney General Opinion Nos. 93-614 and 92-296.
In answer to your question, we refer you to R.S. 33:221, which provides, in pertinent part, the following:
 § 221. Contracts; taxes
 A. If a municipality annexes territory contained in a parochial water, sewer, or fire protection district, hereinafter collectively referred to as special service districts, the municipality and each such special service district are hereby authorized to enter into a contract granting to either the municipality or the special service district the exclusive right to provide service in the annexed area.
 B. If the municipality and the special service districts provide in the contract that the municipality thereafter will have jurisdiction to service the annexed area, the special service district shall continue to levy taxes in the annexed area for the retirement of any outstanding tax-secured bonds of the district and may continue to levy such maintenance tax as theretofore has been authorized for the full period of such authorization; however, the district shall not thereafter be authorized to levy any new maintenance taxes in the annexed area, and, if the district thereafter issues any tax-secured bonds, the assessed valuation of the annexed area shall not be used in computing the capacity of the district to issue such bonds, and taxes shall not be levied in the annexed area for the retirement of new bonds of the district, notwithstanding any provisions of law to the contrary.
In Caddo Parish Fire Districts Two, Three, Five and Six v. A. T."Mike" Clingan, C.L.A., 649 So.2d 156 (La.App. 2d 1995) rehearing denied, the Second Circuit had occasion to interpret the provisions of Section 221. In quoting Opinion No. 92-296 issued by this office on June 3, 1992, the Court held
 By providing municipalities and service districts with a right to contract, the legislature has recognized that in absence of a contract granting jurisdiction to the municipality, the districts have the right to provide services (and levy taxes) in annexed areas.
 * * *
 I}t is only when the municipality and the special service district enter into a contract and agree that the municipality will have exclusive jurisdiction to serve the annexed area that the district must cease levying maintenance taxes therein, and even then the district "may continue to levy such maintenance tax as theretofore has been authorized for the full period of such authorization."
It is my understanding from Bond Counsel for the City that the agreement contemplated in Section 221 has never been entered into by and between the City and the District.
Accordingly, it is the opinion of this office that, in the absence of such an agreement, that portion of the district annexed by the City must be assessed the ad valorem taxes referred to hereinabove. Further, in the absence of a future agreement, the District may renew its taxes for the area annexed and continue to collect same. It should also be noted that, even if the City and the District enter into a contract granting the municipality the exclusive jurisdiction over the annexed area, the District would continue to levy and collect taxes in the annexed area for the retirement of any outstanding tax-secured bonds for the full period of authorization. In accord are Attorney General Opinion Nos. 97-121, 94-461, 93-614, 93-564, 92-296 and 79-280.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj
Date Received: Date Released:
ROBERT L. HARROUN, III ASSISTANT ATTORNEY GENERAL